<u>NOT FOR PUBLICATION</u>                                                              CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TRUCKING EMPLOYEES OF NORTH JERSEY WELFARE FUND, INC. – PENSION FUND, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 08-2763 (JLL) |
| v. | ) ) | |
| PARSIPPANY CONSTRUCTION CO. INC., | ) ) ) ) | OPINION |
| Defendant. | ) ) | |

**LINARES**, District Judge.

This matter comes before the Court on the motion for summary judgment filed by Plaintiff Trucking Employees of North Jersey Welfare Fund, Inc. (the "Pension Fund"). The Pension Fund brought this action pursuant to the Multi-Employer Pension Plan Amendment Act of 1980 ("MPPAA") seeking amounts it asserts are due as a result of the alleged complete withdrawal from the Pension Fund by Defendant Parsippany Construction Company Inc. ("Parsippany Construction"). This Court has considered the submissions in support of and in opposition to the motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion for summary judgment is granted.

I.      **BACKGROUND**

The following facts are not disputed by the parties.  The Pension Fund is an Employee Retirement Income Security Act ("ERISA") multi-employer pension plan.  Parsippany Construction and the Teamsters Local Union 560 were parties to a collective bargaining agreement.  The agreement required Parsippany Construction to make "pension contributions to the Pension Fund on behalf of all the employees performing bargaining unit work at [its] facility or where assigned for work."  (Stmt. of Uncontested Mat'l Facts Submitted Pursuant to Local R. 56.1 ¶ 6 [hereinafter "Pltf.'s Stmt. of Facts"].)  Parsippany Construction ceased doing business on or about December 15, 2005.  As a result of its cessation of business, the Pension Fund determined that Parsippany Construction had a complete withdrawal from the Pension Fund and a corresponding withdrawal liability of $200,736.00.  To satisfy this liability the Pension Fund set a payment schedule of $1,486.23 per month for 240 months beginning on August 1, 2007.  The Pension Fund notified Parsippany Construction of its assessment and the right to arbitrate by way of a letter dated June 18, 2007.  Parsippany Construction did not make any payments in response to the notice.  On October 12, 2007, the Pension Fund sent Parsippany Construction a letter notifying it of its failure to remit payment.  Parsippany Construction acknowledged receipt of this notice in a letter dated November 2, 2007.

Parsippany Construction has not remitted any payments, it did not request a trustee review of the assessment, and it did not request arbitration to dispute the assessment.  The Pension Fund filed suit on June 4, 2008, to collect the unpaid withdrawal liability.

II.     **LEGAL STANDARDS**

A court shall grant summary judgment under Rule 59(c) of the Federal Rules of Civil

Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." On a summary judgment motion, the moving party first must show that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. Id. at 324. The non-moving party must offer specific facts that establish a genuine issue of material fact; the non-moving party may not simply rely on unsupported assertions, bare allegations, or speculation. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). Also, the Court must consider all facts presented and the reasonable inferences drawn from them in the light most favorable to the non-moving party. See Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

### III.    DISCUSSION

Parsippany Construction disputes the Pension Fund's finding that it completely withdrew from the fund; it argues that no payments are due because it has no withdrawal liability. The Pension Fund, on the other hand, argues that Parsippany Construction's failure to arbitrate its dispute bars the current challenge. Furthermore, the Pension Fund asserts that Parsippany Construction's failure to pay the withdrawal liability payments from the date assessed makes the entire liability currently due along with interest, liquidated damages, and attorney's fees and costs.

#### A.    Arbitration Requirement

In 1980 the Multi-Employer Pension Plans Amendment Act ("MPPAA") was enacted as an ERISA amendment to "discourage [employer] withdrawals and thus ensure the solvency of

[multi-employer pension] plans." Carl Colteryahn Dairy, Inc. v. W. Pa. Teamsters & Employers Pension Fund, 847 F.2d 113, 116 (3d Cir. 1988). Under the MPPAA, "'as soon as practicable after an employer's complete or partial withdrawal,' the plan is required to determine the amount of withdrawal liability, notify the employer of its assessment, and demand payment." Crown Cork & Seal Co. v. Central States Southeast & Southwest Areas Pension Fund, 881 F.2d 11, 13 (3d Cir. 1989) (quoting 29 U.S.C. § 1399(b)(1)). An employer who disputes the assessment may request review of the determination within 90 days. § 1399(b)(2)(A). If such review fails to resolve the dispute, the "MPPAA provides for resolution of the dispute through arbitration." Crown Cork, 881 F.2d at 13. Thus, disputes regarding a withdrawal liability assessment "may ultimately be heard in court upon review of an arbitration proceeding[, but] MPPAA's primary mandate for these disputes is plain: *arbitrate first*." Carl Colteryahn Dairy, 847 F.2d at 116-17 (emphasis in original) (citing 29 U.S.C. § 1401(a)(1) and Flying Tiger Line v. Teamsters Pension Trust Fund, 830 F.2d 1241, 1248-49 (3d Cir. 1987)); see also Board of Trustees of the Dist. No. 15 Machinists' Pension Fund v. Kahle Eng'g Corp., 43 F.3d 852, 854 (3d Cir. 1994) ("An employer who wishes to contest the fact of its liability or the amount must initiate arbitration. If it does not, it waives the right to contest the assessment . . . .").

As Parssipany Construction points out, however, the Third Circuit has also stated that "under MPPAA there is no *per se* exhaustion requirement under which the court lacks jurisdiction to hear cases that have not first been before an arbitrator." Crown Cork, 881 F.2d at 16 (quoting Dorn's Transp. Inc. v. Teamsters Pension Trust Fund, 787 F.2d 897, 903 (3d Cir. 1986)). But, exceptions to the arbitrate first mandate are rare, being available only in extraordinary circumstances. For example, in Crown Cork, the court found that failure to initiate arbitration did

not bar suit where the defense being asserted was not available during the time limits required for arbitration. Id. at 17. However, while the court found that the "failure to initiate arbitration [did] not bar [suit], under the particular facts of [that] case [(including finding the § 1401 time limits inapplicable)]," it did hold that the defense had to be arbitrated first. Id. at 19.

In response to the present motion, Parssippany Construction argues that it was not required to first submit its dispute to arbitration. However, its Answer to the Complaint appears to contradict its current position. It stated:

> Plaintiff's Complaint is barred, either in whole or in part, as this matter is subject to arbitration under the Parties' alleged Collective Bargaining Agreement and Defendant was never notified on June 18, 2008 of its right to request arbitration.

(Ans. at Third Separate Defense.) At that time, Parisspany Construction appeared to assert that the Pension Fund had failed to send it required notice of the assessment. However, the Pension Fund sent the notice by certified mail-return receipt requested, and the receipt was returned signed by "D. Ferraiuolo." (Br. in Supp. of Pltf.'s Mot. for the Entry of Summ. J. at 3 [hereinafter "Pltf.'s Summ. J. Br."].) In a telephone conference with Magistrate Judge Cecchi and the parties the "President of Parsippany Construction admitted [that] D. Ferraiuolo was a secretary for Parsippany Construction." (Id. at 4.) More importantly, in its response to Plaintiff's statement of undisputed facts submitted with its opposition brief, Plaintiff did not dispute that the Pension Fund notified it of the withdrawal liability. Therefore, having now acknowledged receipt of the notice, Parsippany Construction appears to be changing its view that the "matter is subject to arbitration." It does not, however, offer any basis for this position other than citation to Dorn.

This Court finds that Parsippany Construction was required to arbitrate before bringing

suit. No relevant facts are in dispute; it admits that it did not seek review or arbitration of its dispute. It does not offer any reason for such failure, simply arguing that arbitration is not required. This position is clearly contrary to the MPPAA statutory mandate and Third Circuit law. For a failure to arbitrate to be excused there must be some reason demonstrating why arbitration would have been impossible or futile, such as a defense not being available at the time like in <u>Crown Cork</u>. Parsippany Construction has made no such showing here. Rather, in its six page opposition, it makes a brief argument on the merits of its claim that its business cessation does not meet the requirements of a complete withdrawal under the MPPAA. Specifically, it argues that its situation falls into an exception for the building and construction industry. However, as the Pension Fund points out, aside from its failure to arbitrate, even here Parsippany Construction has offered no evidence demonstrating that this provision is applicable. This is precisely the type of question arbitration is meant to address in the first instance. Parsippany Construction also does not offer any argument, like in <u>Crown Cork</u>, for why the time limits of § 1401 should not apply here. Therefore, this Court finds that Parsippany Construction's failure to seek review of the assessment or arbitrate its dispute within the required statutory time limits is a bar to the present suit; Plaintiff's motion for summary judgment is granted.

      **B.**    **Parsippany Construction's Liability**

Section 1401(b)(1) provides that "[i]f no arbitration proceeding has been initiated pursuant to subsection (a), the amounts demanded by the plan sponsor under section 4219(b)(1) [29 USCS § 1399(b)(1)] shall be due and owing on the schedule set forth by the plan sponsor." This section further provides that "[t]he plan sponsor may bring an action in a State or Federal court of

competent jurisdiction for collection." § 1401(b)(1). The Pension Fund's current case is seeking such collection. It asserts that the full withdrawal liability is currently due along with interest, liquidated damages, and attorney's fees and costs.

Section 1399(c)(5) provides that "[i]n the event of a default, a plan sponsor may require immediate payment of the outstanding amount of an employer's withdrawal liability." A default occurs when "an employer [fails] to make, when due, any payment under this section, if the failure is not cured within 60 days after the employer receives written notification from the plan sponsor of such failure." § 1399(c)(5)(A). Additionally, under the MPPAA, "[i]n any action . . . to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of section 515 [29 USCS § 1145])." § 1451(b). Thus, § 1451 "expressly assimilates failures to satisfy withdrawal liability to violations of section 1145." Central States, Southeast & Southwest Areas Pension Fund v. Slotky, 956 F.2d 1369, 1377 (7th Cir. 1992). Amounts due in collection actions under § 1145 are set forth in § 1132(g)(2), which provides:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan–
>   (A) the unpaid contributions,
>   (B) interest on the unpaid contributions,
>   (C) an amount equal to the greater of–
>      (I) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

>   (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
>   (E) such other legal or equitable relief as the court deems appropriate.
>
>   For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986 [26 USCS § 6621].

Parsippany Construction admits that it received the October 12, 2007, notice of default sent by the Pension Fund, and it admits that has not made any payments. Therefore, under § 1399(c)(5), the Pension Fund may seek payment of the outstanding liability, in this case, the full withdrawal liability. In addition, pursuant to §§ 1451, 1145, and 1132 the Pension Fund shall also be awarded interest, liquidated damages, and attorney's fees and costs. Here, the unpaid withdrawal liability is $200,736.0. The Pension Fund's interest rate is ten (10%) or $31,265.32 on the outstanding balance due. (See Pltf.'s Summ. J. Br. at 16.) In addition, the Pension Fund seeks $40,147.20 in liquidated damages and $9,119.95 in attorney's fees. Parsippany Construction did not contest these additional amounts in its opposition, arguing only that it had not completely withdrawn, negating any claim for liability. Therefore, this Court finds the additional amounts appropriate and grants judgment in favor of the Pension Fund in the amount of $281,268.47.

**IV.   CONCLUSION**

For the foregoing reasons, this Court grants Plaintiff's motion for summary judgment and enters judgment in favor of Plaintiff in the amount of $281,268.47. An appropriate Order accompanies this Opinion.

DATED: April 21, 2009        /s/ Jose L. Linares
                                                      JOSE L. LINARES
                                                      UNITED STATES DISTRICT JUDGE